UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETSY MAGEE,
                        Plaintiff,

        -v-

MERZER REALTY, LLC, *et al.*,
                        Defendants.

23-CV-10061 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff Betsy Magee, who is proceeding *pro se*, asserts claims under the False Claims Act ("FCA") against Defendants Merzer Realty LLC, Michael Merges, Jerry Troianos, and Costos Merges.

       Under the FCA, a private person, known as a "relator," may bring suit on behalf of United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery." *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)). The United States "remains the real party in interest." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). Although a *qui tam* action is litigated by the relator, it "is not the relator's 'own case' as required by 28 U.S.C. § 1654, nor one in which he has 'an interest personal to him.'" *Id.* (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

       In order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558: *see* 28 U.S.C. § 1654. Because a plaintiff can proceed *pro se* only

1

when bringing her own case, and because a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro se." (citing 28 U.S.C. § 1654 and *Iannaccone*, 142 F.3d at 558)). Accordingly, Plaintiff cannot proceed *pro se* with her claims under the FCA.

Therefore, the Court hereby directs Plaintiff to retain counsel within 45 days of this order. If Plaintiff fails to do so, Plaintiff's action will be dismissed.

The Clerk of the Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: December 8, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge