UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETSY MAGEE,
                    Plaintiff,

-v-

MICHAEL MERGES, *et al.*,
                    Defendants.

23-CV-10061 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    *Pro se* Plaintiff Betsy Magee commenced this action on November 15, 2023. (ECF No. 1.) On December 8, 2023, the Court issued an order directing Plaintiff to retain counsel, as Plaintiff cannot proceed *pro se* with her claims under the False Claims Act (FCA). (ECF No. 7.) The Court explained that a plaintiff may proceed *pro se* only when bringing her own case rather than a case on behalf of another party. However, a private person bringing an FCA action is suing not on her own behalf but rather on behalf of the United States, which remains the real party in interest. Therefore, a private litigant cannot pursue an FCA action *pro se*. (*Id.*) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); 28 U.S.C. § 1654). On December 27, 2023, Plaintiff responded to the order, acknowledging that she cannot bring a *pro se* claim under the FCA but asserting additional claims. Plaintiff also stated that she unsuccessfully sought to retain counsel. (ECF No. 8.)

    On January 2, 2024, the Court issued on order dismissing the case without prejudice for lack of subject matter jurisdiction. (ECF No. 9.) The order allowed Plaintiff to file an amended complaint within 30 days if she was able to identify a federal cause of action. (*Id.*) On February 12, 2024, the Court extended the deadline for Plaintiff to file an amended complaint until March

1

12, 2024. (ECF No. 11.) On March 11, 2024, Plaintiff filed an amended complaint, which removed the FCA claims and asserted fraud, defamation, forgery, and identity theft claims. (ECF No. 12.)

Plaintiff Betsy Magee is an 82-year-old resident of a rent-stabilized apartment at 374 West 46th Street, New York, New York, which is owned by Defendants Michael Merges, Costos Merges, and Jerry Troianos. (*Id*.) Magee began residing at the property in 2008. (*Id*. ¶ 1.) In sum and substance, Magee alleges that the Defendants, who are her landlords, forged her name on falsified applications to receive hardship funds from the Emergency Rental Assistance Program (ERAP), which is administered by New York State. Magee alleges that Defendants fraudulently received $22,000 in ERAP funds based on the falsified claims made in her name. (*Id*. ¶ 12.) Magee also alleges that Defendants have been collecting an unspecified amount of Section 8 housing voucher funds from the United States Department of Housing and Urban Development and the City of New York based on a falsified application in Magee's name, even though she has never applied for public assistance and has been paying her rent in full. (*Id*. ¶¶ 2, 14-15.) Magee alleges that as a result of Defendants' actions, she faces an eviction case in New York City Housing Court, is suffering from severe emotional distress, and is unable apply for other apartments because of information about her receipt of government funds that now appears in her background investigations and a 150-point decrease in her credit score. (*Id*. ¶¶ 13, 16-17.)

Plaintiff's allegations suggest possible state law claims, such as fraud and defamation. However, because this action is between citizens of the same state, the Court does not have subject matter jurisdiction to hear the state law claims. See 28 U.S.C. § 1332. The Court is not aware of any federal claims supported by Plaintiff's allegations, aside from claims under the FCA. For example, while there are federal fraud and identify theft statutes, these statutes relate

to criminal violations and do not provide a private cause of action. *See, e.g.*, 18 U.S.C. § 1028; 18 U.S.C. § 1341. The Court concludes, therefore, that it lacks subject matter jurisdiction to hear this case. Plaintiff may pursue her claims in state court. Plaintiff may also re-file an FCA claim in federal court if she retains counsel.

Accordingly, Plaintiff's action is dismissed without prejudice to refiling in state court and without prejudice to refiling a False Claims Act claim in federal court with counsel.

The Clerk of Court is directed to close this case and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: May 21, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge